IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DARRICK P. JORDAN, #307484,

                Plaintiff,

     v.

Sgt. LAVERNE PRICE (Correctional Officer,
CVCTF), PAM WALLACE (Warden, CVCTF),
KARI IVES (Social Worker, ERP, CVCTF),
BERLYE MIDDLETON (Program Director, CVCTF),
KENNETH SNART, (Program Director, CVCTF)
MS. HOLZMANN (Librarian, CVCTF),

                Defendants.

OPINION and ORDER

08-cv-757-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this proposed civil action for declaratory and monetary relief brought pursuant to 42 U.S.C. § 1983, plaintiff Darrick Jordan contends that different sets of defendants violated his constitutional rights in different ways in three separate incidents. Although plaintiff has paid a $350 fee for filing his complaint, because he is a prisoner, his complaint must be screened pursuant to 28 U.S.C. § 1915A. Under this provision, the court must screen plaintiff's complaint and dismiss it if it is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a respondent is immune from such relief.

However, before I consider the merits of plaintiff's claims, I must consider whether plaintiff's claims are properly asserted in a single lawsuit. As the Court of Appeals for the Seventh Circuit explained in George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007), a prisoner may not "dodge" the fee payment or three strikes provisions in the Prison Litigation Reform Act by filing unrelated claims against different defendants in one lawsuit. Upon review of plaintiff's complaint, it is apparent that under Fed. R. Civ. P. 20 the three claims that plaintiff identifies may not be asserted in a single lawsuit; instead, they must be severed into three separate lawsuits. Plaintiff may have until January 20, 2009 in which to advise the court which of the proposed lawsuits he wishes to pursue.

OPINION

Rule 20 prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. Multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against *each* respondent that arises out of the same transaction or occurrence or series of transactions or occurrences and presents questions of law or fact common to all. George, 507 F.3d at 607; 3A Moore's Federal Practice § 20.06, at 2036-2045 (2d ed. 1978).

Although Fed. R. Civ. P. 18 allows a party to join unrelated claims against defendants in a suit, this rule applies only after the requirements for joinder of parties have been satisfied under Rule 20, Intercon Research Assn., Ltd. v. Dresser Ind., Inc., 696 F.2d 53, 57

(7th Cir. 1983) (quoting 7 Charles Alan Wright et al., Federal Practice & Procedure), which means that the core set of allowable defendants must be determined under Rule 20 before a may plaintiff join additional unrelated claims against one or more of those defendants under Rule 18. This means also that under Rule 18, a party cannot join claims involving any defendant *outside* the group identified under Rule 20.

In this case, plaintiff identifies three separate claims in paragraphs IV.A-IV.C of his complaint. Dkt. #1, at 2-5. In paragraph IV.A, plaintiff alleges that on May 27, 2008, defendant Laverne Price struck him on the head while he was asleep and that defendants Pam Wallace and other "unnamed individuals" interfered with his ability to file a grievance about defendant Price's behavior. In paragraph IV.B, plaintiff alleges that while he was at the Chippewa Valley Correctional Treatment Facility, defendants Wallace, Karl Ives, Berlye Middleton and Kenneth Snart were involved in an incident in which prison officials took plaintiff out of an earned release program in retaliation for his refusing to dismiss an appeal he had pending. Finally, in paragraph IV.C, plaintiff alleges that defendants Wallace and Holzman failed to provide him with adequate legal materials and time to prepare materials in a civil suit he was litigating.

Because each of plaintiff's claims involves a separate incident and is asserted against separate sets of defendants, the case must be severed into three actions. In what I will call Lawsuit #1, plaintiff may sue defendants Price and Wallace on his claim concerning the May 27, 2008 incident and his attempt to file a grievance about the incident. In what I will call

Lawsuit #2, plaintiff may sue defendants Wallace, Ives, Middleton and Snart for retaliating against him because he refused to dismiss an appeal.  In what I will call Lawsuit #3, plaintiff may sue defendants Wallace and Holzman for denying him legal materials.

In light of George, I may apply the filing fee plaintiff paid in this case to only one of the lawsuits I have identified above.  Plaintiff will have to choose which lawsuit that is.  That lawsuit will be the only lawsuit assigned to this case number.  As for the other lawsuits, plaintiff has a more difficult choice.  He may choose to pursue each lawsuit separately.  In that case, he will be required to pay a separate filing fee for each case he pursues. Alternatively, plaintiff may choose to dismiss either or both of his remaining lawsuits voluntarily.  If he chooses this latter route, plaintiff will not owe additional filing fees. Any lawsuit dismissed voluntarily would be dismissed without prejudice, so plaintiff may be able to bring it at another time.

Plaintiff should be aware that because it is not clear at this time which of his separate lawsuits he will pursue, I have not undertaken a full screening of the merits of the claims raised in any of the lawsuits identified above.  Once plaintiff identifies the suits he wants to continue to litigate and pays any additional filing fees, I will screen the individual actions that remain as required under 28 U.S.C. § 1915A.  Because plaintiff will earn a strike in any suit for any claim in that suit that may be dismissed for one of the reasons set out in 28 U.S.C. § 1915(g), plaintiff should consider carefully the merits and relative importance of each of his potential lawsuits when choosing which of them he wishes to pursue.

ORDER

IT IS ORDERED that

1. Plaintiff may have until January 20, 2009 in which to identify for the court the separately numbered lawsuit identified in the body of this opinion on which he wishes to proceed under the number assigned to this case. As to this one lawsuit, plaintiff's filing fee payment will be applied.

2. Plaintiff may have until January 20, 2009 in which to advise the court which of the remaining separately numbered lawsuits he will prosecute, if any, and which he will withdraw voluntarily.

3. For any lawsuit that plaintiff dismisses voluntarily, he will not owe a filing fee.

4. For each lawsuit that plaintiff advises the court he intends to prosecute, (other than the one plaintiff chooses to keep assigned to this case number) he will owe a separate $350 filing fee, which he must pay or request pauper status no later than February 3, 2009. The payment(s) may be submitted by a check or money order made payable to the clerk of court.

5. If, by January 20, 2009, plaintiff fails to respond to this order, I will enter an order dismissing the lawsuit as it presently exists without prejudice for plaintiff's failure to

prosecute.

Entered this 8th day of January, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge