IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DARRICK P. JORDAN,

                                                         ORDER

                Plaintiff,

                                                08-cv-757-bbc

    v.

Sgt. LAVERNE PRICE (Correctional Officer,
CVCTF),

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On February 2, 2009, I screened plaintiff's complaint under 28 U.S.C. § 1915A and allowed him to proceed on his claim that defendant Price violated plaintiff's rights under the Eighth Amendment by "jabbing" plaintiff's head with a flashlight. In addition, I told plaintiff that because he is not proceeding in forma pauperis, he is responsible for serving his complaint on the defendant and that he must submit proof of service when service is complete. At the same time, I provided plaintiff with a memorandum describing how to serve individuals in a federal lawsuit and the various forms he needed to accomplish service. Now over 90 days have passed and plaintiff has not yet filed proof that he has served the defendant with his complaint.

Fed. R. Civ. P. 4(m), allows a plaintiff 120 days after filing a complaint in which to serve the defendants, but the 120-day deadline is the outside limit. If a plaintiff acts diligently, he should be able to serve his complaint on the defendants and file proof of service much sooner than that. Plaintiff has not written to explain his failure to submit proof of service of his complaint on the defendant or corresponded with the court about his case at all.

At this point, I believe it is prudent to require plaintiff to communicate to the court in writing explaining what steps he has taken to serve his complaint on the defendant. Although the outside deadline for serving the complaint does not occur until June 2, 2009, there is no point in maintaining this action as an open case if plaintiff has abandoned prosecution of it.

ORDER

Now, therefore, IT IS ORDERED that plaintiff may have until May 15, 2009, in which to advise the court in writing what steps he has taken to serve his complaint on the defendant. If, by May 15, 2009, plaintiff fails to respond to this order, the clerk of court is to enter judgment dismissing this action without prejudice for plaintiff's failure to

prosecute.

Entered this 6th day of May, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3